UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 6:06-cr-631-GRA |
| | ) | |
| v. | ) | |
| | ) | |
| Akeylas Tranell Miller, | ) | ORDER |
| | ) | (Written Opinion) |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on the defendant's *pro se* motion to modify his sentence, pursuant to 18 U.S.C. § 3582(c)(2) filed on July 30, 2008. The petitioner seeks a reduction pursuant to a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission (the Commission) pursuant to 28 U.S.C. § 994(u). For the reasons stated herein, the defendant's motion is denied.

**Background**

The defendant's motion is based on Amendment 706 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). On December 11, 2007, the Commission voted to add this amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively. As this amendment became effective on March 3, 2008, this matter is now ready for disposition.

## Discussion

The defendant was sentenced on March 27, 2008 as a result of a guilty plea to a seven-count indictment. According to U.S.S.G. §3D1.3, the first three counts in the indictment produced the highest offense level and were used to calculate the applicable guideline range. Defendant's base offense level, pursuant to U.S.S.G. § 2D1.1(c)(3), was a 32. However, pursuant to U.S.S.G. § 4B1.1(b)(2007), the defendant's offense level was adjusted to a 37 because the defendant is a career criminal. As a career criminal, the defendant's guideline range was "not based on the quantity of drugs attributable to him, but rather on the maximum sentence for the offense of conviction." *United States v. Smith*, 441 F.3d 254, 273 (4th Cir. 2006); U.S.S.G. §4B1.1. Defendant's offense level was then reduced by three levels for acceptance of responsibility under U.S.S.G. § 3E1.1 (2007). Therefore, the Court found that the defendant's total offense level (34) and criminal history category (VI) called for a sentencing range of 262 to 327 months plus 60 months on a consecutive count for using and carrying a firearm in furtherance of a drug trafficking crime. Under these guidelines and a reduction under Rule 35, the Court sentenced the defendant to 161 months; 131 months for counts 1,2,3; 120 on months on count 5; 60 months on counts 6 and 7, all to run concurrently; and 30 months for count 4 to run consecutive to the other sentence. The amendment was available for consideration at his original sentencing hearing as he was sentenced under the new guidelines as amended; the reduction under 706 did not apply to his case as he was a career

offender.

Under 18 U.S.C. § 3582(c)(2), this Court may reduce a previously imposed sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . *if such a reduction is consistent with applicable policy statements* issued by the Sentencing Commission." (emphasis added) Here, a reduction in the defendant's sentence is not consistent with the applicable policy statements.

U.S.S.G. § 1B1.10(b)(1), the applicable policy statement, states:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

Supplement to 2007 Guidelines Manual (May 1, 2008). The application note to this section further explains which cases qualify for a reduction under § 3582(c). It states:

> Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . (ii) an amendment listed in subsection (c) is

> applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline. . . .

Application Note 1(A), U.S.S.G. § 1B1.10.

This application note makes it clear that a reduction in the defendant's sentence is not consistent with U.S.S.G. § 1B1.10(b)(1) and is not authorized by 28 U.S.C. § 3582(c). Although Amendment 706 is applicable to the defendant and the defendant had benefit of it at his original sentencing, it does not have the effect of lowering the defendant's applicable guideline range because of the operation of the career criminal guideline. The defendant was sentenced as a career offender under U.S.S.G. § 4B1.1(b), not under U.S.S.G. § 2D1.1for the drug offenses, and since Amendment 706 does apply to section 4B1.1(b), the defendant is not entitled to a reduction. Because a reduction in the defendant's sentence is not consistent with the applicable policy statement, this Court is not authorized to reduce the defendant's sentence pursuant to § 3582(c)(2).

The defendant cites a case in his affidavit which he argues gives district court judges the authority to deviate from the guidelines even for career offenders. In *United States v. Boardman*, 528 F.3d 86 (2008), the First Circuit allowed a deviation from the guidelines when the defendant was characterized as a career offender because the judge disagreed with the application of the career offender provision in that particular case. Boardman had two prior convictions for burglary for a warehouse and garage. The district court judge disagreed with characterizing him as a career offender because

of the nature of the prior charges; the judge did not feel the crimes were "violent crimes" for purposes of applying the career offender provision. The First Circuit held that according to *Kimbrough v. United States*, 128 S.Ct. 558 (2007), the district court had the ability to deviate from the guidelines because of the judge's disagreement with the guidelines in Boardman's case. *Boardman*, 528 F.3d at 87. The defendant's sentence remains unaffected despite this argument.

The Court recognizes that the sentencing guidelines are advisory in nature and that the court is able to deviate from the guidelines. The Court was aware of the *Kimbrough* decision when the defendant was sentenced and the *Boardman* does not affect the Court's reasoning in determining the defendant's sentence. The Court agrees with the guidelines in the defendant's case. The defendant has two prior drug charges, one for possession with intent to distribute marijuana and the other for distribution of cocaine that warrant the application of the career offender provision. This Court was aware that it had the authority to deviate at the time of sentencing and will not grant another sentence reduction at this time.

### Conclusion

After a thorough review of the defendant's motion and relevant law and considering the advisory nature of the sentencing guidelines, this Court DENIES the defendant's motion.

IT IS THEREFORE SO ORDERED the defendant's motion be DENIED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

September  25 , 2008
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, the defendant has the right to appeal this Order within ten (10) days from the date of its entry.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**