UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Akeylas Tranell Miller, | ) | |
| | ) | C/A No. 6:06-cv-00631-GRA |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. In deciding a § 2255 motion, the court may summarily dismiss the motion "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts. This Court has thoroughly reviewed the motion, files, and records in this case and finds that, for the reasons set forth below, petitioner is not entitled to relief. Therefore, petitioner's motion is hereby DISMISSED.

Petitioner is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow

for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Petitioner was indicted on June 13, 2006 for conspiracy with intent to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base, possession with intent to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base within 1000 feet of a public school, maintaining a stash house, possessing a firearm in furtherance of a drug trafficking crime, being a felon in possession of a firearm, and two counts of distribution of cocaine and marijuana within 1000 feet of a public school.  He plead guilty to all seven counts in the indictment pursuant to a plea agreement on January 12, 2007.  Petitioner was sentenced on March 27, 2008 to a total of 161 months.  The sentence consisted of 131 months on counts 1,2,3 of the indictment; 120 months on count 5 of the indictment; 60 months on counts 6 and 7 of the indictment all were to run concurrently.  In addition to the 131 months, a 30 month sentence on count 4 consecutive to the other sentences was imposed.

Petitioner filed the instant *habeas* petition on March 27, 2009.  He requests that "the Court . . . vacate his unlawful 18 U.S.C. § 924(c) sentence."  He argues that after *Bailey v. United States*, 516 U.S. 137 (1995), that the mere presence of the firearm during the drug trafficking offense is insufficient to maintain a conviction under 18 U.S.C. § 924(c). He alleges that the facts are insufficient to uphold the conviction and there is no sufficient nexus between the firearm and the drug trafficking crime. He also argues that the Court's imposition of the mandatory consecutive sentence is

"at odds with the parsimony provision . . . to 'impose a sentence that is sufficient but not greater than necessary." Both grounds in Miller's petition are without merit.

The petitioner is correct that under *Bailey* that the mere presence of a firearm during a drug trafficking crime was insufficient to convict an individual under 18 U.S.C. § 924(c) as written at the time *Bailey* was decided. However, the petitioner's argument that his sentence is unlawful is incorrect. At the time *Bailey* was decided, the statute imposed a minimum 5-year minimum term of imprisonment upon a person who "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm." In reaction to the *Bailey* decision, "Congress amended 18 U.S.C. § 924(c) to criminalize the 'possession' of a firearm 'in furtherance of' certain crimes." *United States v. Lomax*, 293 F.3d 701, 703 (4th Cir. 2002). In amending the statute, Congress intended "to broaden the reach of the statute beyond the Supreme Court's narrow construction." *Id*. at 704. The amendment made the statute less restrictive than it was when *Bailey* was decided. After the amendment, the evidence in each case must show that the firearm was used or carried during or in relation to a drug trafficking crime used in "in furtherance of" a drug trafficking crime. This means that there must be "evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." *Lomax*, 293 F.3d at 705. The firearm may provide a defense, may help collect, or prevent a transaction from going wrong. *Id*. Factors to be considered in making a connection between possession and the drug trafficking activity are "'the type of drug activity that is being conducted,

accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." *Id*. at 705 (citing *U.S. v. Ceballos-Torres*, 218 F.3d 409, 414-15).

The evidence in this case is sufficient to conclude that the possession of the firearm was in furtherance of the drug trafficking crime. First, by pleading guilty to being a felon in possession of a firearm, the petitioner admitted that he possessed the firearm. He also admitted to the drug trafficking and possession by the plea. According to the pre-sentence report adopted by the Court without objection, on April 28, 2006, a search warrant was executed on the petitioner's home where they found a significant amount of cash and materials and supplies used to cook drugs. The officers also found a loaded Smith and Wesson .40 caliber pistol in the bedroom with additional bullets and marijuana also in the room. Mr. Miller was a convicted felon and was prohibited from possessing firearms. He admitted the firearm was his. The loaded pistol was located in the bedroom of a home used as a "stash house". Drugs were located in the room with the loaded pistol and the petitioner unlawfully possessed the firearm. Although the gun was not near or on the body of the defendant during the raid, this is not required after the statutory amendment. The evidence is more than sufficient to determine that the firearm furthered the drug trafficking crime. *See Lomax*, 293 F.3d 701.

Congress has required the Court to place a mandatory consecutive sentence in addition to other sentences in the same case for the possession of a firearm used in furtherance of a drug trafficking crime. *See* 18 U.S.C. § 924. If there is sufficient evidence to find that an individual used a firearm in furtherance of a drug trafficking crime, Congress requires courts to impose a consecutive sentence of at least five years in addition to the other sentence or sentences imposed in those cases. This sentence is a mandatory minimum. The petitioner is correct in that the Court is required to consider the § 3553(a) factors in determining a sentence that is sufficient but not greater than necessary to fulfil the purposes of sentencing, and the five year mandatory minimum consecutive sentence is relevant in that analysis. This Court finds that the sentence imposed including the five year consecutive sentence[1] was sufficient but not greater than necessary to meet the purposes of 28 U.S.C. § 3553(a). The second issue in the petitioner's motion is also without merit.

IT IS THEREFORE ORDERED that the petitioner's motion is DENIED.

IT IS SO ORDERED.

                                                                    G. Ross Anderson, Jr.
                                                                    Senior United States District Judge

April  14 , 2009
Anderson, South Carolina

---

[1] The five year consecutive sentence was later reduced to 30 months by government motion.

## NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.